An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE CASTILLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67256

FILED

NOV 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order denying a postconviction petition for a writ of habeas corpus, or alternatively, petition for a writ of coram nobis. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Jose Castillo argues that the district court abused its discretion in concluding that his claim challenging counsel's mistaken advice about the immigration consequences of his plea was outside the scope of a petition for a writ of coram nobis. Castillo argues that the federal courts allow these types of claims to be pursued in a petition for a writ of coram nobis and that this court's decision in *Trujillo v. State*, 129 Nev., Adv. Op. 75, 310 P.3d 594 (2013) would either allow for this type of challenge or should be expanded to allow for this type of challenge.

We conclude that the district court did not abuse its discretion in denying the petition.[1] Castillo's claim challenged the effective assistance of his counsel, and a claim of ineffective of assistance of counsel

---

[1]We conclude that the district court correctly determined that a postconviction petition for a writ of habeas corpus was not an available remedy because Castillo had completed his sentence when he filed his petition. *See Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999); *see also* Nev. Const. art. 6, § 6(1).

15-34506

involves a legal error that falls outside the scope of a writ of coram nobis.[2] *See Trujillo*, 129 Nev., Adv. Op. 75, 310 P.3d at 602. In *Trujillo*, this court determined that given the sources of authority for recognizing a petition for a writ of coram nobis in Nevada, Article 6, Section 6 of the Nevada Constitution and NRS 1.030, the scope of the writ of coram nobis was limited to its common-law scope and was not as broad as the scope of the writ in federal proceedings. We decline Castillo's invitation to revisit this holding. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:     Hon. Valerie Adair, District Judge
        Anthony L. Abbatangelo
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We reject Castillo's argument that his claim of ineffective assistance of counsel based upon mistaken advice is distinguishable from the claim of ineffective assistance of counsel based upon the failure to advise for purposes of determining the scope of a writ of coram nobis. Claims of ineffective assistance of counsel, regardless of counsel's alleged deficiency, present a legal question that is outside the scope of a writ of coram nobis. *See Trujillo*, 129 Nev., Adv. Op. 75, 310 P.3d at 602.

[3]We deny Castillo's request for oral argument in this matter. *See* NRAP 34(f).